**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Carlos CABRERA–RAMIREZ, aka Carlos Cabrera, Juan Carlos, Rigoberto Morales Ramirez, Juan Carlos Cabrera, Roberto Cabrera, Carlos C. Ramirez, Rigoberto Ramirez and Jose Robles, Defendant—Appellant.**

No. 06–50274.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2008.*

Filed Oct. 7, 2008.

Becky S. Walker, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Christopher W. Dybwad, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, KLEINFELD, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Carlos Cabrera–Ramirez (Cabrera) pled guilty to violating 8 U.S.C. § 1326. He appeals his sentence of 90 months in custody followed by three years of supervised release. We affirm his sentence.

Cabrera argues for the first time on appeal that the district judge unreasonably rejected his mitigation argument by considering *ex parte* information. We review for plain error, which is (1) error, (2) that is plain, and (3) that affects substantial rights.[1] In this case, we need not decide whether the judge erred, because Cabrera has failed to show that he would have received a different sentence if the judge had not considered the *ex parte* information.[2] The judge did not rely on the *ex parte* information when calculating the guideline range or tailoring Cabrera's sentence based on the § 3553(a) factors. The record shows that the judge's reasons for rejecting Cabrera's mitigation arguments did not rely on the *ex parte* communication.

Cabrera also argues that the judge placed undue weight on the advisory Guideline range. The district judge expressly stated that she recognized that the Guideline range was a "starting point." After correctly calculating the Guideline range, the judge carefully considered the § 3553(a) factors and gave reasons for rejecting each of Cabrera's mitigation arguments. For Cabrera's within-Guideline sentence, this explanation was sufficient.[3]

The condition that requires Cabrera to report to a probation officer "within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision" does not violate the Fifth Amendment.[4] It is premature to decide Cabrera's Fifth Amendment challenge to the additional condition requiring him to "answer truthfully all inquiries by the probation officer."[5] As we explained in *United States v. Abbouchi*,[6] nothing prevents Cabrera from asserting his Fifth Amendment privi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

2. *Id.* at 734, 113 S.Ct. 1770.

3. *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir.2008).

4. *United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 771–73 (9th Cir.2006).

5. *United States v. Abbouchi*, 502 F.3d 850, 859 (9th Cir.2007).

6. *Id.*

lege should the situation arise. We therefore decline to reach the issue.

**AFFIRMED.**